UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOAN MANUELE, an individual and representative capacity as successor trustee of the bypass trust created by the Manuele Family Trust dated November 16, 1995,<br><br>　　　　　　　　　　Defendant. | Case No.: 18-CV-00104-BEN-NLS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

This matter is before the Court on Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction on the grounds of mootness. The motion has been fully briefed. For the reasons that follow, the motion is **GRANTED**.

**I.　Allegations in the Complaint**

Plaintiff is a paraplegic who uses a wheelchair for mobility and a specially equipped van with a ramp that deploys from the passenger side for his wheelchair. In October 2017, he went to E&M Auto Parts in El Cajon, California to purchase a battery charger. Upon arrival at E&M, Plaintiff discovered that there were no van accessible parking spaces marked and reserved for persons with disabilities. The only parking space

1

marked and reserved for persons with disabilities was of insufficient dimensions for van accessibility, the markings for the space had faded, and it lacked required signage for disabled parking spaces. In addition, a storage box partially blocked the space. As a result of this lack of adequate parking for disabled persons, Plaintiff had to shop elsewhere.

Based on this lack of parking, Plaintiff initiated the instant action with a complaint asserting claims for violation of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq., and California's Unruh Civil Rights Act. The complaint seeks injunctive relief in the form of a compliant van accessible parking space for disabled persons. Defendant moves to dismiss the complaint on the grounds that the ADA claim, pursuant to which Plaintiff is only entitled to injunctive relief, is moot because E&M now has a compliant van accessible parking space for disabled persons, depriving the Court of subject matter jurisdiction.

**II.    Legal Standard**

Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). The moving party may "convert[ ] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court[.]" *Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

Here, the motion to dismiss includes declarations supporting Defendant's assertion that E&M now has a compliant van accessible parking space, making this a factual attack on jurisdiction. A district court deciding a factual attack on jurisdiction "need not presume the truthfulness of the plaintiffs' allegations" and may "look beyond the

complaint . . . without having to convert the motion into one for summary judgment." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see also Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) ("Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary.").

"Once the moving party has converted the [Rule 12(b)(1)] motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2. However, when "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

### III. Discussion

The complaint alleges federal question subject matter jurisdiction under 28 U.S.C. § 1331 based on the ADA claim, and supplemental jurisdiction over the Unruh Act claim. Defendant argues that the Court lacks subject matter jurisdiction over the ADA claim because it is moot and therefore lacks supplemental jurisdiction over the Unruh Act claim as well.

"Because a private plaintiff can sue only for injunctive relief (*i.e.,* for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (internal citation omitted). However, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably

be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 174, 190 (2000). Defendant has satisfied that burden here.

The ADA claim is based on an alleged lack of compliant disabled parking and seeks an injunction requiring Defendant to install compliant parking. With its motion, Defendant included a declaration from a representative of the owner stating that the disabled parking space at E&M was restriped and repainted and new signage was installed on January 25, 2018. [Doc. No. 4-2 at ¶ 8.] Further, Defendant used a fork lift to move the storage box that the complaint alleged was partially blocking the space when Plaintiff visited the premises in October 2017 so that the box does not obstruct the parking space. [*Id.* at ¶ 9.] Defendant's agent also declared that the box is in a better place for its designated purpose and will not be moved again. [*Id.* at ¶ 10.]

Defendant also included a declaration from Neal Casper, a Certified Access Specialist licensed by the state of California declaring that he inspected the premises of E&M on January 26, 2018 and February 1, 2018 and found that the ADA violations alleged in the complaint no longer exist. [Doc. No. 4-3 at ¶¶ 5-7.] Specifically, Casper stated that "[t]he painting, striping, and signage for the van accessible disabled parking space and access aisle . . . meets the requirements under the ADA and the California Building Code including California Building Code section 11B-502." [*Id.* at ¶ 7a.] The declaration goes into detail as to how the parking space is compliant and includes thirty photographs of the parking space taken on February 1, 2018, some of which contain a tape measure demonstrating the dimensions of the space and access aisle. [*Id.* Ex. 2.] Casper also noted that there was no storage box or drop box obstructing the aisle at the time of his inspection. [*Id.* at ¶ 8.]

In his opposition brief, Plaintiff offers no evidence of his own as to the ADA compliance (or lack thereof) of the parking at E&M as of February 1, 2018. Nor does he argue that Casper's conclusions that the parking space now complies with ADA requirements are incorrect. Thus, the undisputed evidence before the Court is that the obstacle to access alleged in the complaint has been remedied by Defendant, making his

4

ADA claim moot. None of Plaintiff's arguments to the contrary warrant a different result.

First, Plaintiff argues that the jurisdictional issue is so entangled with the merits of his ADA claim that it should not be resolved on a motion to dismiss. There is no such entanglement. The merits of Plaintiff's ADA claim relate to the parking situation at E&M when Plaintiff visited the premises in October 2017. The jurisdictional issue, on the other hand, relates to the parking situation at E&M now. Whether the parking situation at E&M violated the ADA in October 2017 has no bearing on whether the parking situation at E&M complies with the ADA now. Thus, the Court may properly consider Defendant's evidence that E&M now has ADA compliant disabled parking, and by failing to offer contrary evidence, Plaintiff has not satisfied his burden of demonstrating continuing subject matter jurisdiction. *Savage*, 343 F.3d at 1039 n.2.

Second, Plaintiff argues that his claim is not moot because Defendant could subsequently pave over the disabled parking space or not re-paint it in the future if the stripes fade. Likewise, according to Plaintiff, Defendant could move the storage box back into the space creating the same instruction Plaintiff encountered when he visited in October 2017. The Court is not persuaded by Plaintiff's speculation. This case is not like cases cited by Plaintiff where the injunctive relief sought by the Plaintiff concerned voluntary changes to the Defendant's behavior, as opposed to structural changes made to a premises. Plaintiff does not dispute that Defendant remedied the barriers to access alleged in the complaint. That Defendant could take affirmative action to undo its efforts to create a compliant parking space or that the space could fall into disrepair making it no longer compliant at some point in the future do not render Plaintiff's ADA claim any less moot today. If Plaintiff's arguments were enough to overcome a claim of mootness, no ADA claim would ever be moot because it is always possible that a defendant could affirmatively undo whatever measures it took to moot the claim in the first place.

Third, Plaintiff argues that he is entitled to take discovery about any other possible barriers to access. To take discovery about other possible barriers a Plaintiff must first

establish that subject matter jurisdiction exists for a claim relating to a barrier that Plaintiff actually encountered. Here, because Plaintiff's claim as to the only barrier he encountered is moot, the Court lacks subject matter jurisdiction over his ADA claim, so Plaintiff is not entitled to any such discovery.

Finally, Plaintiff also argues that the motion to dismiss be denied until he has an opportunity to inspect the parking situation at E&M to test Defendant's claims that it is now ADA compliant. Yet, Plaintiff fails to identify any reasons why he could not have conducted such an inspection after receipt of the motion to dismiss during the month before he filed his opposition brief. Based on the photographs included with the motion, it appears that E&M's parking lot is in front of the store and accessible from the street without any gate, so Plaintiff has access to the lot. Moreover, Plaintiff does not even identify any information or details that are missing from Casper's declaration. These are not grounds for denying the motion.

**IV. Disposition**

Plaintiff sole grounds for federal jurisdiction is an ADA claim seeking an injunction requiring Defendant to install an ADA compliant van accessible parking space for disabled persons. The undisputed evidence demonstrates that Defendant has installed such a parking space. Accordingly, Plaintiff's ADA claim is moot and must be dismissed for lack of subject matter jurisdiction.

Having dismissed the ADA claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citations omitted) ("When the balance of . . . factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *Zochlinski v. Regents of Univ. of California*, 538 F. Appx. 783, 784 (9th Cir. 2013) ("The district court properly declined to exercise supplemental jurisdiction over Zochlinski's state law claims after dismissing his federal claims.").

In light of the foregoing, the motion to dismiss is **GRANTED**, and the complaint is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: June 18, 2018

Hon. Roger T. Benitez
United States District Judge